UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES ASUMING AMOFA,

Petitioner,

v.

N. VASQUEZ et al,

Respondents.

Case No. 1:26-cv-2258

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner subject to supervised release or ordering Respondents to remove Petitioner to his home country immediately. (Pet., ECF No. 1, PageID.7.)

In an Order entered on August 10, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondents filed their response on August 13, 2026, (ECF No. 5).

## II. Factual Background

Petitioner is a native and citizen of Ghana. (Pet., ECF No. 1, PageID.7.) Petitioner entered the United States as a lawful permanent resident on March 22, 2012. (Notice to Appear (NTA), ECF No. 5-1, PageID.27.)

On April 4, 2014, Petitioner was convicted of kidnap–child under 16, attempted sexual offense in the second degree, sexual solicitation of a minor, and fourth degree sex assault–contact without consent in the Circuit Court for Prince Georges County, Maryland. (Form I-213, ECF No. 5-2, PageID.35; Criminal Conviction Records, ECF No. 5-3, PageID.37–42.)

On December 6, 2022, ICE agents served Petitioner with an NTA. (NTA, ECF No. 5-1, PageID.27–30.) The NTA charged Petitioner with removability pursuant to §§ 237(a)(2)(A)(iii), 237(a)(2)(E)(i), 237(a)(2)(A)(i), and 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA) in that at any time after admission he had been: convicted of an aggravated felony, to wit: a crime of violence, convicted of a crime of child abuse, convicted of a crime involving moral turpitude, and convicted of an aggravated felony. (*Id.*, PageID.30.)

On May 23, 2023, an Immigration Judge ordered Petitioner to be removed to Ghana. (Order Immigration Judge, ECF No. 5-4, PageID.44.) Petitioner waived his right to appeal the removal order and the removal order became final that day.[1] (*Id.*) In 2024, Baltimore Enforcement and Removal Operations (ERO) placed a detainer against Petitioner. (Form I-213, ECF No. 5-2,

[1] For the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals (BIA) affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

PageID.35.) On April 17, 2026, ERO took custody of Petitioner from the Maryland Correctional Department and Petitioner has remained in detention since that time. (*Id.*)

**III. Habeas Corpus Legal Standard**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV. Analysis**

Petitioner contends that his detention is unlawful. (Pet., ECF No. 1, PageID.6.) In response, Respondents argue that Petitioner's continued "detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis* 533 U.S. 678, 701 (2001)." (Resp., ECF No. 4, PageID.21–24.)

Given that Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of removal became final on May 23, 2023. The 90-day removal period following the order

expired before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id. Id.*[2] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Here, Petitioner was taken into custody by ERO on April 17, 2026. (Form I-213, ECF No. 5-2, PageID.35.) At the time that Petitioner filed his § 2241 petition on August 5, 2026, he had not been detained for more than six months. (ECF. No. 1.) "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-

[2] The Court notes that the Supreme Court has held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove' that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

In this case, Petitioner has not offered any evidence or argument to prove that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Accordingly, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: August 31, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge